IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROGER PRINGLE,**

      **Petitioner,**

**v.**                                                        **Case No. 2:18-cv-00050**

**MARK R. SEVIER,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On January 12, 2018, the petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Petition for Order Waiving Filing Fees and Court Costs (ECF No. 2). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

This is the third of six civil actions filed in this court by the petitioner since December of 2016 concerning his criminal proceedings in Bartholomew County, Indiana.[1] The first two matters, styled as *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12029, filed on December 12, 2016, and *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12373, filed on December 20, 2016, were docketed as Petitions for a Writ of Habeas Corpus under 28

---

[1] On December 12, 2016, the petitioner also filed another civil action unrelated to his criminal proceedings, *Pringle v. The Land Office of Records, Charleston, West Virginia*, No. 2:16-cv-12089, which was dismissed as frivolous on April 10, 2017.

U.S.C. § 2254 and were transferred to the United States District Court for the Southern District of Indiana, which subsequently transferred both petitions to the United States District Court for the Northern District of Indiana. Those petitions were dismissed without prejudice on March 2, 2017 as being duplicative of a section 2254 petition already pending in that court, No. 3:16-cv-00717, which was dismissed that same date for failure to exhaust state court remedies.

Undeterred by this court's Orders informing him that this court is not the proper jurisdiction and venue to consider his habeas corpus claims, the petitioner continued to write letters to this court and its Clerk seeking legal advice and assistance of counsel. He then filed the instant petition on January 12, 2018. (ECF No. 1).

The instant petition, which is styled as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, indicates that the petitioner is incarcerated in the Westville Correctional Facility in Westville, Indiana, serving an 18-year sentence after being convicted of one count of burglary in the Superior Court of Bartholomew County, in Columbus, Indiana, on April 4, 2012. The petition raises numerous challenges to the petitioner's criminal proceedings and, in particular, whether his guilty plea to one count of burglary was improper and constitutes double jeopardy.

The request for relief contained in the petition asserts that "the State of Indiana has put a contract on the defendant for murder by inmate and is asking the federal courts or law to step in do [sic; due] to Mr. Pringle is a citizen of West Virginia and in belife [sic; belief] it's do [sic; due] to him being from the South." (ECF No. 1 at 8). Thus, the petition potentially asserts claims concerning the petitioner's conditions of confinement in Indiana, which are also only reviewable by Indiana state or federal courts. The petition

also seeks monetary damages, which are not available in a habeas corpus proceeding. (*Id.*)

Since the filing of the instant petition, the petitioner has filed three other civil actions, which are pending in this court. In two of those matters, *Pringle v. Sevier*, No. 2:18-cv-00955, and *Pringle v. Zatecky*, No. 2:18-cv-01023, the petitioner seeks to remove or transfer a habeas corpus proceeding pending in the Circuit Court of Madison County, Indiana, to this United States District Court. Both of those matters are assigned to the presiding District Judge herein. In the third matter, *Pringle v. Attorney General*, No. 2:18-cv-00901, which is assigned to another District Judge, the petitioner appears to be asserting claims for monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2071-2074, 2674, also arising out of his criminal and habeas corpus proceedings in Indiana. These matters will be separately addressed.

## **ANALYSIS**

Section 2241 of Title 28 provides, in pertinent part, as follows:

(a) Writs of habeas corpus may be granted by . . . the district court . . . within their respective jurisdictions.

28 U.S.C. § 2241(a).[2] As the petitioner has been repeatedly advised by this court in his previous cases, because he was not convicted in and is not incarcerated in the Southern District of West Virginia, this United States District Court has no jurisdiction over the petitioner's custodian or his court of conviction, and the Southern District of West Virginia is not the proper venue to review his claims. The fact that the petitioner was

---

[2] A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek habeas corpus relief pursuant to Title 28, Section 2254(a). Because the petitioner is a convicted state prisoner, his petition would be more appropriately treated as one brought under 28 U.S.C. § 2254. Nevertheless, under either section 2241 or section 2254, the petitioner's claims must be addressed, if at all, by a federal court in Indiana (after exhaustion of the available state court remedies), not this federal court.

living in the Southern District of West Virginia at the time of his arrest does not confer any basis for personal jurisdiction or venue in this court with respect to this matter.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district <u>shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought</u>." 28 U.S.C. § 1406(a) (Emphasis added). Thus, this court may consider transferring this matter to, either the United States District Court for the Southern District of Indiana (the district in which Bartholomew County, where the petitioner was convicted, is located), or to the United States District Court for the Northern District of Indiana (where the Westville Correctional Facility is located).

However, the undersigned takes judicial notice of the fact that the petitioner's prior section 2254 petition filed in the United States District Court for the Northern District of Indiana, No. 3:16-cv-00717, was dismissed for failure to exhaust state court remedies. The undersigned further takes judicial notice of the fact that the petitioner has a pending habeas corpus petition in the Superior Court of Madison County, Indiana. Thus, it appears that the petitioner still has not exhausted the available state court remedies in Indiana. Therefore, a transfer of the instant petition would be futile and not in the interests of justice.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks personal jurisdiction over the petitioner's court of conviction and is not the proper venue for consideration of the petitioner's claims for habeas corpus relief concerning his Indiana conviction and sentence. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** the petitioner's Petition for a Writ of

Habeas Corpus (ECF No. 1), and **DENY AS MOOT** his Petition for Order Waiving Filing Fees and Court Costs (ECF No. 2).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge

5